UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MONICA LINDEN, on behalf of herself and all other persons similarly situated, <br> Plaintiff <br><br> v. <br><br> PERFORMANCE FH, INC. and FIRST AUTOMOTIVE GROUP, INC., <br> Defendants | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY CLAIM

Plaintiff brings this section on behalf of herself and a class of persons similarly situated seeking redress due to Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

### Parties

1. Plaintiff Monica Linden is an individual who at all relevant times has resided in Franklin, Norfolk County, Massachusetts.

2. Defendants are duly organized Massachusetts corporations which own and/or operate motor vehicle dealerships in Massachusetts.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1681p (Fair Credit Reporting Act).

4. Venue in this District is proper because Defendants conduct business in the District and are deemed to reside in the District.

1

**Factual Allegations**

5. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior content of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . . cellular telephone service. . . " 47 U.S.C. §227(b)(1)(A)(iii).

6. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1). The Federal Communications Commission, charged with implementing the TCPA, has clarified via regulation that an ATDS system includes predictive dialers and any other equipment that has "the capacity to dial numbers without human intervention."

7. Beginning in or about December, 2014, and continuing through June, 2016, Defendants placed (or caused to be placed) at least eighteen (18) telephone calls to Plaintiff's cellphone. Plaintiff alleges that an ATDS system was used to make the calls because, upon the calls being answered, there was a several-second period of silence (i.e., "dead air") followed by a prerecorded voice or live human voice.

8. The subject of the calls which Plaintiff answered or where Defendants left a message was always the same – a purported recall or service campaign involving Hyundai vehicles - and the stated purpose of each call was to encourage Plaintiff to schedule a service appointment. Therefore, none of the calls were made for an emergency purpose.

9. On information and belief, Defendants obtain (from third parties, from publicly-available databases, and/or from other sources) identifying information regarding the owners of Hyundai vehicles, whom Defendants then contact in volume as part of their marketing

program or strategy.

10. Plaintiff has never been a customer of either Defendant and has never provided any personal information, including her cellular telephone number, to either Defendant for any purpose.

11. Plaintiff was harmed by Defendants' phone calls because her daily activities were interrupted, her privacy was invaded, and her right to be free of unwanted telemarketing calls was violated.

12. Defendants consciously and deliberately used ATDS equipment and/or an artificial or prerecorded voice in connection with each call placed to Plaintiff's cellular phone, and therefore willfully violated the TCPA.

## Class Allegations

13. Plaintiff brings this complaint on behalf of herself and a class of other persons similarly situated.  The class consists of all persons within the United States whom, or after October 5, 2012, Defendants called or caused to be called at their cellular telephone numbers using ATDS equipment and/or an artificial or prerecorded voice, and who had not provided said numbers to Defendants.  Plaintiff and class members seek only statutory damages and injunctive relief under the TCPA, and therefore any claims for personal injuries resulting from Defendants' conduct are specifically excluded.   Excluded from the class are Defendants and their current and former officers, employees, agents and attorneys.  On information and belief, during the class period Defendants have regularly engaged in the acts complained of as part of its marketing strategy or program; therefore, Plaintiff alleges that there are at least several hundred class members, rendering the class sufficiently numerous such that joinder would be impracticable.

14. There are questions of fact and law which are common to class members, and such common questions predominate over any questions which may affect individual members. The common questions include: (i) whether Defendants used an ATDS system and/or an artificial or prerecorded voice in connection with calls made to consumers' cellular telephones; (ii) whether Defendants violated the TCPA as alleged; and (iii) whether Defendants' misconduct was willful.

15. Plaintiff's claim is typical of that of class members. All claims arise from the same allegedly unlawful conduct, all are predicated on the same legal theory, and all seek similar relief.

16. Plaintiff will fairly and adequately represent the class. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer class actions. Neither Plaintiff nor counsel have any interest or conflict which might cause either not to vigorously pursue this action.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (i) individual actions are not economically feasible; (ii) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (iii) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

## COUNT I

### (Negligent violations of the TCPA)

18. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19. Defendants committed negligent violations of the TCPA by using ATDS equipment to

place telephone calls to the cellular telephones of Plaintiff and class members and by using an artificial and/or prerecorded voice in calls made to the cellular telephones of Plaintiff and class members.

20. Plaintiff and class members are entitled to damages in the amount of $500.00 for each unlawful phone call.  47 U.S.C. §227(b)(3)(B).

> WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:
>
> a) Awarding Plaintiff and class members statutory damages of $500 per violation;
>
> b) Awarding reasonable attorney's fees and costs;
>
> c) Enjoining Defendants from violating the TCPA as set forth herein; and
>
> d) Awarding such further relief as shall be just and proper.

## COUNT II

**(Knowing and/or willful violations of the TCPA)**

21. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

22. Defendants acted consciously and deliberately in using ATDS equipment to place telephone calls to the cellular telephones of Plaintiff and class members and by using an artificial and/or prerecorded voice in calls made to the cellular telephones of Plaintiff and class members.  Thus, Defendants committed knowing and/or willful violations of the TCPA.

23. Plaintiff and class members are entitled to damages equal to not more than three times the sum of $500.00 for each unlawful phone call.  47 U.S.C. §227(b)(3)(B).

> WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:
>
> a) Awarding Plaintiff and class members statutory damages of not more than

      three times the sum of $500 per violation;

b) Awarding reasonable attorney's fees and costs;

c) Enjoining Defendants from violating the TCPA as set forth herein; and

d) Awarding such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

                MONICA LINDEN, individually and on behalf of all others similarly situated, by her attorney:

                */s/Kenneth D. Quat*
                BBO#408640
                QUAT LAW OFFICES
                929 Worcester Rd.
                Framingham MA 01701
                508-872-1261
                ken@quatlaw.com